Filed 5/31/16  Wertheim, LLC v. Omidvar CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WERTHEIM, LLC,<br><br>　　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>OLIVER OMIDVAR et al.,<br><br>　　　　　Defendants and Respondents. | B257473<br><br>(Los Angeles County<br> Super. Ct. No. BC410386) |

　　　　APPEAL from the judgment of the Superior Court of Los Angeles County. Joseph R. Kalin, Judge.  Affirmed.

　　　　The Newell Law Firm and Felton T. Newell for Plaintiff and Appellant.

　　　　Buehler & Kassabian, George W. Buehler; Diem Law and Robin L. Diem for Defendants and Respondents.

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

Plaintiff and appellant Wertheim, LLC appeals from the entry of judgment, after a jury trial, in favor of defendants and respondents Oliver Omidvar, Parviz Omidvar and Currency Corporation. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action for interference with contract, interference with prospective business advantage and trade libel in March 2009. Plaintiff tried the case only on the cause of action for interference with contract.

Plaintiff contended that in September 2006, defendants entered into three line of credit agreements with third party Leonard Borisoff, a songwriter. As collateral for the credit agreements, Mr. Borisoff gave defendants a security interest in certain royalty income owed to Mr. Borisoff. In 2007, plaintiff entered into a contract with Mr. Borisoff in which it purchased his royalty and income rights. The purchase contract included an assignment of any rights Mr. Borisoff may have had against the defendants. Plaintiff contended the credit agreements between defendants and Mr. Borisoff were void and unenforceable and interfered with plaintiff's contract with Mr. Borisoff.

Trial began in April 2014. The proceedings were not reported by a court reporter. Apparently, at the close of evidence, plaintiff moved for a directed verdict on the grounds the evidence established defendants' credit agreements with Mr. Borisoff were void and unenforceable. The motion was denied. It is not included in the clerk's transcript on appeal. The court's order is not included in the clerk's transcript either.

The jury found in favor of defendants. Separate, but identical, verdict forms were submitted regarding each defendant. The first question on each special verdict form asked: "Did a valid contract exist between plaintiff Wertheim LLC and Leonard Borisoff?" The jury answered "no" on each verdict form. The special verdict forms directed that in the event the jury answered "no" to question No. 1, then it should sign and return the verdicts. Judgment in favor of defendants was entered on May 20, 2014.

Plaintiff moved for a new trial, contending the court erred by denying its motion for directed verdict, by failing to instruct the jury on certain laws, including various provisions of the Financial Code which demonstrated the illegality of defendants'

2

agreements with Mr. Borisoff, and by admitting various defense exhibits into evidence, including some fabricated exhibits, which had not been disclosed in discovery. The motion was denied.

This appeal followed.

## DISCUSSION

Plaintiff contends the trial court erred by denying its motion for directed verdict and its motion for a new trial. The appellate record on which plaintiff asks this court to resolve these two contentions does not contain copies of the briefing or the court's order related to the motion for directed verdict. The appellate record also does not include any reporter's transcript from any portion of the trial. It appears from minute orders during the trial that no reporter was present to transcribe the proceedings. Plaintiff did not avail itself of the option to submit a settled statement in lieu of a reporter's transcript. (Cal. Rules of Court, rule 8.137.) The lack of an adequate record of the trial proceedings is fatal to plaintiff's appeal.

" 'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]' [Citation.]" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348; accord, 9 Witkin, Cal. Procedure (5th ed. 2010) Appeal, § 628, pp. 704-706.) This is so because it is a "cardinal rule of appellate review that a judgment or order of the trial court is *presumed correct and prejudicial error must be affirmatively shown*. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]"

3

(*Foust v. San Jose Construction Co., Inc*. (2011) 198 Cal.App.4th 181, 187, italics added (*Foust*).)

Plaintiff argues there are issues of law that can be resolved solely by resort to the pertinent contracts, copies of which are contained in the record. That is not correct. Plaintiff challenges two orders of the court made during trial: denial of plaintiff's motion for directed verdict and denial of plaintiff's motion for a new trial. Both of those motions concerned arguments made by plaintiff *based on the evidence produced at trial*, most notably evidence which plaintiff contends demonstrated the illegality of the loan agreements between defendants and Mr. Borisoff. We cannot resolve the issues raised by plaintiff without all of the evidence received at trial. Because the limited record presented by plaintiff precludes meaningful review, we must affirm the decision of the trial court. (*Foust*, *supra*, 198 Cal.App.4th at p. 187.)

Moreover, plaintiff fails to address the significance of the jury's special verdict finding that plaintiff's contract with Mr. Borisoff was not valid or enforceable. Plaintiff's sole theory at trial was interference with contract, i.e., defendants' alleged interference with the purchase and assignment agreement between plaintiff and Mr. Borisoff. In order to recover on a theory of interference with contract, a plaintiff must plead and prove "(1) *a valid contract between plaintiff and a third party*; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Pacific Gas & Electric Co. v. Bear Stearns & Co*. (1990) 50 Cal.3d 1118, 1126, italics added.) The jury found against plaintiff on this essential element of its sole theory of recovery against defendants. Since the jury found there was no enforceable contract between plaintiff and Mr. Borisoff with which defendants might have interfered, it is of no concern to plaintiff whether defendants' contracts with Mr. Borisoff were illegal or unenforceable. Plaintiff, therefore, also cannot show any prejudice to it flowing from the court's refusal of its proposed instructions as to the validity of defendants' agreements with Mr. Borisoff.

4

## DISPOSITION

The judgment is affirmed. Defendants and respondents Oliver Omidvar, Parviz Omidvar and Currency Corporation shall recover costs on appeal.


GRIMES, J.


WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.

5